IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-916-TMH |
| | ) [WO] |
| WARDEN DANIELS, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jimmy Frank Cameron ["Cameron"], a state inmate and frequent litigant in this court, filed the instant complaint challenging the conditions of the stairs at Draper Correctional Facility and actions taken against him during his confinement at the Kilby Correctional Facility. On April 7, 2009, Cameron filed a document in which he requests that Derrick Williams and Daniel Moore, the defendants named with respect to the claims arising from his confinement at Kilby Correctional Facility, "be dismissed without prejudice" because these individuals are not responsible for the stairs at Draper Correctional Facility and he "now want[s] to focus (sic) all his attention on the faulty stairs." *Court Doc. No. 43* at 1. The court therefore construes this document to contain a motion to dismiss officers Williams and Moore as defendants in this cause of action

Upon consideration of the plaintiff's motion to dismiss, the court concludes that this motion is due to be granted. *See* Rule 41(a)(2), *Federal Rules of Civil Procedure*.

Dismissal without prejudice pursuant to Rule 41(a)(2) at the insistence of the plaintiff is committed to the sound discretion of this court and, absent some plain legal prejudice to a defendant, denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to the defendant, and the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *Id*. *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967).

The court has carefully reviewed the file in this case and determined that even if officers Williams and Moore were provided an opportunity to file a response to the plaintiff's motion to dismiss they would not be able to demonstrate the existence of clear legal prejudice. Consequently, the court concludes that the claims against these defendants should be dismissed without prejudice on the motion of the plaintiff.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's April 7, 2009 motion to dismiss be GRANTED.

2. The claims against officers Williams and Moore be dismissed without prejudice.

3. Officers Williams and Moore be dismissed as parties to this cause of action.

4. This case, with respect to the plaintiff's deliberate indifference claim against the remaining defendants, be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before April 22, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of April, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE