IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN DANIELS, et al., ) | <br><br><br><br>CIVIL ACTION NO. 2:08-CV-916-TMH<br><br> |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Jimmy Frank Cameron ["Cameron"], a state inmate, in which he alleges deliberate indifference to his safety and retaliation in 2008 during his incarceration at the Draper Correctional Facility. The defendants in the present cause of action were employees at Draper during the time these alleged violations of Cameron's constitutional rights occurred.  On May 25, 2010, Cameron filed a motion for preliminary injunction (Court Doc. No. 61) in which he seeks issuance of an injunction to prevent correctional officials at Bibb Correctional Facility and members of the Alabama Board of Pardons and Paroles from taking adverse actions against him in retaliation for filing civil actions against state employees.

**I.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Cameron demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a

substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of*

*Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II. DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Cameron has failed to demonstrate a substantial likelihood of success on the merits of his claims. Cameron also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants. Finally, the public interest element of the equation is a neutral factor at this juncture. Moreover, the requested injunction does not seek to preserve the status quo and in no way impacts the merits of the instant cause of action. Thus, Cameron has failed to meet his burden of demonstrating the existence of the necessary prerequisites for issuance of a preliminary injunction.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.[1]

---

[1] The plaintiff is advised that if he seeks to challenge actions of correctional officials at the Bibb Correctional Facility as violative of his constitutional rights he may do so by filing a separate 42 U.S.C. § 1983 action with the United States District Court for the Northern District of Alabama. In addition, if the plaintiff believes the Alabama Board of Pardons and Paroles retaliated against him in its denial of parole and seeks his release from prison, he may file a 28 U.S.C. § 2254 with the United States District Court for the Northern District of Alabama challenging the denial of parole. Prior to seeking federal habeas relief, however, the plaintiff is advised he must first properly exhaust his claims in the state courts. Finally, if the plaintiff merely seeks a reconsideration of the parole decision(s), he may file a 42 U.S.C. § 1983 action with this court challenging any such decision issued within the past two years.

    2. This case be referred back the undersigned for additional proceedings.

    It is further

    ORDERED that on or before July 9, 2010 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

    Done this 25th day of June, 2010.

    /s/ Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE