IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY FRANK CAMERON, #105591,    )
                                 )
            Plaintiff,            )
                                 )
    v.                           )    CIVIL ACTION NO. 2:08-CV-916-TMH
                                 )                   [WO]
                                 )
WARNEN DANIELS, et al.,          )
                                 )
            Defendants.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Jimmy Frank Cameron ["Cameron"], an indigent state inmate and frequent federal litigant, filed on December 3, 2008.  In the relevant portion of the amended complaint, Cameron alleges during his confinement at Draper Correctional Facility ["Draper"] in September of 2008 he "was pushed down [a] flight of stairs" by other inmates.  Pl.'s Amended Compl. (Doc. No. 5) at 1.  Cameron subsequently dismissed three of the defendants from this cause of action, amended his complaint to raise only a claim of deliberate indifference to his safety by correctional officials at Draper and altered the factual basis of his deliberate indifference claim to allege his fall occurred due to the failure of correctional officials to properly maintain the condition of the stairs.  Pl.'s Amendment to the Compl. (Doc. No. 14) at 1-2 ("Plaintiff would like to amend this civil

action by saying that the defendants are liable because of the condiction (sic) of the stairs [at Draper] in the back of B Dorm which are in bad disrepair because [of the] lack of maintenance and being very old....   Plaintiff would also ask this court to disregard [the claim of being pushed by inmates] ... [as] Plaintiff rights to be protected have ... been violated because of the Defendants letting the stair well ... get in such a dangerous condiction (sic) which caused Plaintiff to suffer a broken left hip and more injuries to old fractures....").   The defendants remaining in this cause of action are Leeposey Daniels (Warden III), Phyllis Billups (Warden II), Lt. John Crow, Lt. Isaac Coach and Sgt. Brenda King, all employees of Draper at the time Cameron filed this complaint.

The defendants filed a special report and relevant supporting evidentiary materials addressing Cameron's deliberate indifference claim.  Pursuant to the orders entered in this case, the court deems it appropriate to construe the report as a motion for summary judgment.  Feb. 27, 2009 Order (Doc. No. 31).  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's responses, the court concludes the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to

2

judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]   The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact.   Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.   *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S.

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.   Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'   'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Cameron is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id.* at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.

*Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."
*Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based
on subjective beliefs are likewise insufficient to create a genuine issue of material fact and,
therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley
Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115
F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence
of [admissible] supporting evidence, are insufficient to withstand summary judgment.");
*Cameron v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment
appropriate where inmate produces nothing beyond "his own conclusory allegations"
challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.
1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose
summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported
by requisite evidence sufficient to establish the existence of an element essential to his case
and on which the plaintiff will bear the burden of proof at trial, summary judgment is due
to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof
concerning an essential element of the nonmoving party's case necessarily renders all other
facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th
Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence
to require submission of the case to the trier of fact, granting of summary judgment is
appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a

6

genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Cameron fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III. DISCUSSION

#### A. Absolute Immunity

With respect to any claims lodged against the defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment

7

immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear to the court that the defendants are state officials entitled to sovereign immunity under the Eleventh Amendment for all claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B.  Uncontested Material Facts

On the morning of September 6, 2008, Cameron fell while walking down the rear stairwell of B-Dorm at Draper.  Correctional officials immediately transported Cameron via stretcher to the health care unit for evaluation and treatment.  Prison medical personnel examined Cameron and ordered his transfer to Jackson Hospital for assessment and treatment.  Officials at Jackson Hospital determined Cameron suffered a fracture of his left hip in the fall.

### C.  Disposition of Claim for Relief

Cameron complains defendants Daniels, Billups, Crow, Coach and King acted with deliberate indifference to his safety by failing to maintain the back stairs of B-Dorm at Draper in a proper state of repair.  The defendants adamantly deny they acted with

deliberate indifference to Cameron's safety.  The evidentiary materials submitted by the defendants support their assertion.  Specifically, the defendants maintain the "the stairs were not in need of repair when Inmate Cameron fell...."  Def.'s Exh. G - Daniels Aff. (Doc. No. 30-7) at 1; Def.'s Exh. K - Billups Aff. (Doc. No. 30-11) at 1; Def.'s Exh. G - Crow Aff. (Doc. No. 30-3) at 2 (During periodic inspections of Dorm B, "[a]t now time did I see that the stairs were in need of repair.  I never observed or had it reported to me that the stairs were in 'disrepair.'").  Photographs of the stairwell likewise indicate no disrepair of the stairs.  Def.'s Exh. F - (Doc. No. 30-6) at 3-5. The stairs and handrails appear in good working condition, each step is intact and no steps are missing.  *Id*.  The defendants further assert Cameron's fall occurred solely because he "inadvertently missed [a] stair...." as he descended the stairwell.   Def.'s Exh. F - Fabacher Aff. (Doc. No. 30-6) at 2.

Correctional officials may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety when the official knows the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.'  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994).  A plaintiff must also show that the constitutional violation caused his injuries."  *Marsh*, 268 F.3d at  1028.

9

The law is well settled that both objective and subjective elements are necessary to establish an Eighth Amendment violation.  With respect to the requisite objective elements of a deliberate indifference claim, an inmate must first show "an objectively substantial risk of serious harm ... exist[ed].  Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d 1028-1029.  As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference....  The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'  ... ***[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment***."  *Farmer*, 511 U.S. at 837-838 (emphasis added); *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same).  The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety....  It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."  *Whitley v. Albers*, 475 U.S. 312,

319 (1986) (emphasis added).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must be a strong likelihood, rather than a mere possibility before a [state official's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). As the foregoing makes clear, "[m]erely negligent failure to protect an inmate ... does not justify liability under section 1983...." *Id*.

Pursuant to the aforementioned criteria, Cameron is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation[]" in order to survive summary judgment on her deliberate indifference claim against the supervisory officials. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-838 (To circumvent entry of summary judgment on a properly supported motion, plaintiff must produce sufficient evidence which demonstrates (1) an objectively substantial risk of serious harm; (2) a subjective awareness of this risk on the part of the defendants; (3) the defendants

11

responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries); *Marsh*, 268 F.3d at 1028-1029 (same).

While it is unfortunate that Cameron fractured his left hip and exacerbated old injuries when he fell down the stairs, the record is completely devoid of evidence that his fall occurred due to deliberate indifference or reckless disregard to his safety by defendants Daniels, Billups, Crow, Coach and King.  Cameron presents no evidence of an objectively substantial risk of serious harm nor is there any evidence demonstrating subjective awareness of a substantial risk of such harm by the defendants, each of which is a required element of the instant Eighth Amendment claim.  "Plaintiff has failed to establish that [these] Defendant[s] had a subjective awareness of a substantial risk of serious physical [harm] to Plaintiff; thus, Plaintiff has failed to establish a required element of this claim. When viewing the evidence most favorably toward Plaintiff, a claim for deliberate indifference has not been established...."  *Carter*, 352 F.3d at 1350 (footnote omitted). Consequently, summary judgment is due to be granted in favor of the defendants.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before February 3, 2012 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of January, 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE